UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   8:21-cv-1193-JGB (MAR)                                            Date:  August 17, 2023

Title:   *Louie Lopez v. City of La Habra Heights, et al.*

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Valerie Velasco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER RE: MOTION TO REOPEN DISCOVERY, DKT. 134**

I.
**BACKGROUND:**

On June 1, 2023, this Court issued an order addressing several discovery motions before the Court.  Dkt. 117.  The Court denied several of Plaintiff's Motions, but granted several of Defendants'.  Id.  Accordingly, acknowledging that Plaintiff's conduct had the effect of delaying discovery, the Court extended the discovery deadline by thirty (30) days to allow Defendants to depose Plaintiff, inspect the property at issue in this case ("Subject Property"), and propound additional discovery.  Dkt. 117.

On July 26, 2023, Defendants filed the instant Motion, seeking to reopen discovery for sixty (60) days to allow Defendants to depose a new witness Plaintiff identified at his deposition and propound further discovery on Plaintiff in light of supplemental responses he provided on July 3, 2023.  Dkt. 134.  Plaintiff filed an Opposition on August 8, 2023.[1]  Dkt. 135.  Defendants filed a Reply on August 9, 2023.  Dkt. 136.

The Court finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); Local Rule 7-15.  Accordingly, the August 23, 2024 hearing is hereby **VACATED** and the matter stands submitted.  For the reasons below, the Court **GRANTS** Defendants' Motion.

II.
**DISCUSSION**

**A.    APPLICABLE LAW**

Rule 16 of the Federal Rules of Civil Procedure authorizes the court to enter pretrial scheduling orders, which set dates for the completion of discovery, the hearing of dispositive

---

[1] Defendants correctly note that Plaintiff's Opposition was untimely, which could be deemed as consent to granting the Motion.  Dkt. 136 at 3; Local Rules 7-9, 7-12.  However, given that the Opposition was only untimely by a few days and Plaintiff is proceeding pro se, the Court proceeds to consider the Opposition and decide the Motion on its merits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:21-cv-1193-JGB (MAR)                                                         Date:  August 17, 2023

Title:   *Louie Lopez v. City of La Habra Heights, et al.*

motions, trial, and other matters. Rule 16(b) provides that the "scheduling order shall not be modified except by leave of court and upon a showing of good cause." Fed. R. Civ. P. 16(b). Thus, when a party seeks to continue the dates set by the court at a scheduling conference, he or she must first show "good cause" for modification of the scheduling order under Rule 16(b). See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).

This requirement "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id.

Overall, a court must consider six factors:

1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017).

**B.   ANALYSIS**

Here, Defendants have shown good cause to reopen discovery. First of all, there is no evidence that Defendants have not been diligent. As noted above, on June 1, 2023, this Court extended the discovery cutoff to allow the Defendants to complete certain discovery, which had been delayed pending the resolution of several discovery motions. Dkt. 117 at 30. Just over two (2) weeks later, Defendants continued the deposition of Plaintiff. Prabakar Decl., ¶ 7, Ex. F. At this deposition, Plaintiff, for the first time thus far in this action, identified Wayne Davey as a contractor who he had hired to make modifications to the Subject Property. Id. One week later, Defendants were able to complete the inspection of the Subject Property. Dkt. 134 at 8. On July 3, 2023, Plaintiff served supplemental discovery. Id. Just three (3) weeks later, Defendants filed the instant Motion seeking to reopen discovery to depose Wayne Davey and conduct additional discovery in light of Plaintiff's supplemental responses. Dkt. 134. This timeline reflects that Defendants have been reasonably diligent in trying to meet the Court's modified discovery cutoff of July 1, 2023, and that Plaintiff's delayed revelation of certain information prevented Defendants from seeking this discovery any earlier.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   8:21-cv-1193-JGB (MAR)                                                    Date:  August 17, 2023

Title:   *Louie Lopez v. City of La Habra Heights, et al.*

     Furthermore, the other factors support a finding of good cause.  As Defendants note, there is no trial date set.  Though Plaintiff has opposed the Motion, he has not identified any specific prejudice he will suffer should the Motion be granted—instead, Plaintiff largely offers reasons why Davey was not identified initially or why his testimony would not be relevant. Furthermore, given the documented discovery issues in this case, see Dkt. 117, it is foreseeable that additional time for discovery would be warranted as compared to the typical case.

     Finally, Defendants have shown that the additional discovery may lead to relevant evidence. For example, at the deposition, Plaintiff testified that Mr. Davey informed Plaintiff that he had obtained all necessary permits from the City for modifications made to the Subject Property.  Id. Davey's testimony is obviously relevant to the issues at dispute in this action, namely, whether the City properly issued violations concerning the Subject Property or whether the violations were issued in bad faith.

     Accordingly, Defendants have established good cause such that discovery should be reopened.

### III.
### ORDER

     **IT IS THEREFORE ORDERED** that Defendants' Motion is **GRANTED**.  The discovery cutoff shall be extended sixty (60) days from the date of this order.  All subsequent deadlines are modified accordingly.

     **IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | vv |